# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
                                            :

BRIAN K. REINBOLD,                       :

                     Plaintiff,      :         Civil Action No.
                                     :         05-047 (GMS)
       - against -                  :

UNITED STATES POSTAL SERVICE and NALC  :
BRANCH 191,                           :

                    Defendant.    :

------------------------------------------------------------------x

## FIRST SET OF DOCUMENT REQUESTS
## TO PLAINTIFF FROM DEFENDANT BRANCH 191,
## <u>NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO</u>

      Pursuant to Federal Rule of Civil Procedure 34, Defendant Branch 191 of the

National Association of Letter Carriers ("Branch 191") hereby requests that within thirty days of

the service of these document requests and in accordance with the definitions and instructions

below, plaintiff Brian Reinbold respond to the following document requests and produce and

permit inspection and copying of any and all responsive documents in his possession, custody or

control.

<u>Definitions</u>

           1.      The terms "you" or "your" refer to plaintiff Brian Reinbold.

           2.      The term "Branch 191" refers to Branch 191 of the National Association

of Letter Carriers.

           3.      The term "National Agreement" refers to the National Agreement between

the National Association of Letter Carriers ("NALC") and the United States Postal Service (the

"Postal Service").

Instructions

       1.     These document requests shall be continuing in nature and shall include all later-discovered documents responsive to the requests.  You must produce all such later-discovered documents within five (5) days of their discovery.

       2.     If, for reasons other than a claim of privilege, you refuse to produce any documents described herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

       3.     Each document produced shall be identified by the document request, or part(s) thereof, to which it is responsive.

       4.     If any document responsive to these requests was, but no longer is, within your possession, custody or control, you must state in detail

          (i)     a summary of the contents of the document;

          (ii)     what disposition was made of it;

          (iii)     the date of such disposition;

          (iv)     whether the original or a copy of such document is within the possession, custody or control of any other person, corporation or entity; and

          (v)     the identity of any individual, corporation or other entity who received the original or a copy of such document.

## DOCUMENT REQUESTS

1.    Any and all documents concerning the allegations in your complaint, or that you relied upon in preparing the allegations in your complaint.

2.    Any and all documents you consulted or relied upon in answering Branch 191's First Set of Interrogatories.

3.    All documents concerning any charges, complaints or claims, including requests for mediation, that you have ever filed with the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB"), the United States Postal Service ("USPS"), any other government agency or any court (other than the Court in this case) related to or concerning any of the same facts or claims set forth in your complaint, including but not limited to any correspondence to or from the agency or court, any opinions or decisions by the agency or court, and any documents settling, withdrawing or otherwise resolving your charge, complaint or claim.

4.    All documents concerning any communications, written or oral, between you and either Branch 191, NALC or the Postal Service concerning any of the same facts or claims set forth in your complaint.

5.    All documents concerning your allegation that "between January 1, 2003 and December 31, 2004, the Defendants engaged in unfair labor practices against [you] and failed to represent [you] per the Collective Bargaining Agreement causing financial harm and job placement and promotion and termination."

6.    Any and all documents that support your calculation of the amount of damages that you contend you suffered as a result of the alleged unlawful acts or omissions of Branch 191 or the Postal Service.

7 .    If you were ever removed or discharged from the Postal Service, any and
all documents concerning such discharge or removal.

Dated:  June 21, 2005

Peter DeChiara
Oriana Vigliotti
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel. No.: (212) 563-4100
Fax No.: (212) 695-5436

Attorneys for Defendant Branch 1977,
National Association of Letter Carriers

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing First Set of Interrogatories

and First Set of Document Requests of Defendant Branch 191 to Plaintiff to be served, by

first-class mail, postage prepaid, this 29 day of June 2005, upon:


      Brian Reinbold
      3909 Delaware Street, Apt. #B
      Wilmington, DE 19808
      Pro se Plaintiff

      Patricia C. Hannigan, Esq.
      Asst. United States Attorney
      U.S. Attorney's Office
      1007 Orange Street
      Suite 700
      P.O. Box 2046
      Wilmington, DE 19899-2046
      Counsel for Defendant Postal Service

_____
Oriana Vigliotti

- 5 -

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
                    :

BRIAN K. REINBOLD,                :

             Plaintiff,      :        Civil Action No.

                    :        05-047 (GMS)

     - against -              :

                    :

UNITED STATES POSTAL SERVICE and NALC  :
BRANCH 191,             :

                    :

           Defendant.     :

                    :

----------------------------------------------------------------x

## FIRST SET OF INTERROGATORIES
## TO PLAINTIFF FROM DEFENDANT BRANCH 191,
## NATIONAL ASSOCIATION OF LETTER CARRIERS

        Pursuant to Federal Rule of Civil Procedure 33, Defendant Branch 191 of the

National Association of Letter Carriers ("Branch 191") hereby propounds the following

interrogatories upon plaintiff Brian Reinbold.  Please serve your responses upon the undersigned

within thirty days of the service of these interrogatories.

DEFINITIONS

        1.      The terms "you" or "your" refer to plaintiff Brian Reinbold.

        2.      The term "Branch 191" refers to Branch 191 of the National Association

of Letter Carriers.

        3.      The term "National Agreement" refers to the National Agreement between

the National Association of Letter Carriers ("NALC") and the United States Postal Service (the

"Postal Service").

        4.      The term "identify" as used herein with respect to an occurrence or event

means to provide the date(s) of the occurrence or event, to provide the names, titles and

addresses of the individuals who participated in the occurrence or event, and to provide as much detail about the occurrence or event as possible.

      5.      The term "identify" as used herein with respect to an individual means to provide the name of the individual and, if known, the individual's employer, job title, address and telephone number.

      6.      "And" as used herein shall include "or" and vice versa; "each" shall include "every" and vice versa; the singular shall include the plural and the plural shall include the singular.  A masculine, feminine or neuter pronoun shall not exclude the other genders.

INSTRUCTIONS

      1.      Unless otherwise indicated, these interrogatories call for answers that relate and/or refer to events that occurred from January 1, 2003 to the present.

      2.      These interrogatories request all information possessed by you, whether known or only believed.  If any answer or portion of an answer to any interrogatory is not based on your own personal knowledge or belief, or on documents or objects in your custody, possession, or control, the interrogatory requests a description of the source of the information given, including identification of the person or entity constituting the source and a description of any documents, materials, or tangible objects relied upon.

      3.      These interrogatories are continuing in nature and are to be timely supplemented.

- 2 -

INTERROGATORIES

1.      Identify each person who has information concerning the allegations in your complaint.

2.      Identify any and all positions (i.e. city letter carrier, etc.) that you have held with the Postal Service.  For each position identified, provide your start and end date (if applicable), and the location where you worked, with start and end dates.

3.      Specify every event, occurrence, act or omission on which you base your claims that "between January 1, 2003 and December 31, 2004, the Defendants engaged in unfair labor practices against [you] and failed to represent [you] per the Collective Bargaining Agreement causing financial harm and job placement and promotion and termination."

4.      Were you ever discharged from the Postal Service?  If so, when and for what reason(s)?

5.      Set forth your computation of each category of damages you allege.


Dated: June 29, 2005

Peter DeChiara
Oriana Vigliotti
COHEN, WEISS and SIMON LLP
330 W. 42nd Street
New York, New York 10036-6976
Tel. No.: (212) 563-4100
Fax No.: (212) 695-5436

Attorneys for Defendant Branch 191,
National Association of Letter Carriers

- 3 -

# EXHIBIT C

# COHEN, WEISS AND SIMON LLP

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)
———
BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*

COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976
———
(212) 563-4100
TELECOPIER (212) 695-5436

WRITER'S DIRECT DIAL
212-326-0250

September 2, 2005

COUNSEL
STANLEY M. BERMAN
MANLIO DiPRETA
———
ELIZABETH O'LEARY
EYAD ASAD
ROBIN H. GISE
TRAVIS M. MASTRODDI
ORIANA VIGLIOTTI
DAVID R. HOCK*
AVI BERNSTEIN*
CARRIE A. HERSCHMAN**
ZACHARY N. LEEDS
MOLLY BROOKS***

NEW JERSEY OFFICE
206 CLAREMONT AVENUE
MONTCLAIR, N.J. 07042
(973) 509-0011
* ALSO ADMITTED IN NJ
** ADMITTED IN IL ONLY
*** ADMITTED IN MA ONLY

Brian Reinbold
3909 Delaware Street
Wilmington, Delaware 19808

> Re:    Reinbold  v. USPS, et al., Case No. 05-CV-00047;
> Reinbold v. NALC Branch 1977 et al., Case No. 04-CV-00342

Dear Mr. Reinbold:

As you know, this firm represents NALC Branches 1977 and 191 (The "Branches") in the above-referenced action.  I write to confirm the telephone message I left for you this afternoon.

As I said in my message, I sent you requests for discovery and a Notice of Deposition on June 29, 2005.  In the requests it was noted that your responses were due 30 days from your receipt of the documents.  Accordingly, your responses were due to me no later than July 29, 2005.  To date, I have not yet received your responses.

In order to prepare for and take your deposition, I need your responses to my discovery requests.  If I do not receive your responses by Wednesday, September 7, 2005, I will apply to the Court for a motion to compel your responses.  If I am forced to make a motion to compel I will also request that you be held responsible for the Branches' attorneys' fees in preparation of the motion.

If you have any questions, please call me.

Very truly yours,

Oriana Vigliotti

00079280.DOC.1