UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
------------------------------------------------------------ x
                                                             :
BRIAN K. REINBOLD,                                           :
                                                             :
                                    Plaintiff,               :      Case No. 04-342 (GMS)
                                                             :
        - vs. -                                              :
                                                             :
NATIONAL ASSOCIATION OF LETTER                               :
CARRIERS BRANCH 1977,                                        :
                                                             :
                                    Defendants.              :
                                                             :
------------------------------------------------------------ x


------------------------------------------------------------ x
                                                             :
BRIAN K. REINBOLD,                                           :
                                                             :
                                    Plaintiff,               :      Case No. 05-047 (GMS)
                                                             :
        - against -                                          :
                                                             :
UNITED STATES POSTAL SERVICE and                             :
NATIONAL ASSOCIATION OF LETTER                               :
CARRIERS BRANCH 191,                                         :
                                                             :
                                    Defendant.               :
                                                             :
------------------------------------------------------------ x

### REPLY OF DEFENDANTS NATIONAL ASSOCIATION OF
### LETTER CARRIERS BRANCH 1977 AND BRANCH 191

Defendants National Association of Letter Carriers Branch 191 and Branch 1977 (the "Union Defendants") submit the following Reply Memorandum in further support of their Motion to Dismiss for Failure to Prosecute or in the Alternative to Compel Discovery (the "Unions' Opening").

00082855.DOC.1

## FACTUAL BACKGROUND

As explained in detail in the Unions' Opening filed on November 2, 2005, the Union Defendants served document requests and interrogatories upon Plaintiff by mail on June 29, 2005. Plaintiff's responses were due 30 days after service of the discovery requests. *See* Fed. R. Civ. P. 33(b)(3), 34(b). Accordingly, the responses were due no later than July 29, 2005.

Counsel for the Union Defendants never received Plaintiff's responses and on both August 26, 2005 and September 2, 2005, counsel for the Union Defendants telephoned Plaintiff to discuss his failure to respond, but did not reach Plaintiff. *See* the Declaration of Oriana Vigliotti dated November 22, 2005 ("Vigliotti Decl.") attached hereto, ¶¶7-9. On September 2, 2005, counsel for the Union Defendants left two messages on Plaintiff's voicemail indicating that if Plaintiff's responses were not received by September 7, 2005, the Union Defendants would move to compel. *Id*. ¶8. Counsel for the Union Defendants also wrote to Plaintiff, memorializing the September 2, 2005 telephone messages. *Id*. Despite the numerous voicemail messages and the September 2, 2005 letter, the Plaintiff failed to respond to counsel for the Union Defendants in any matter. *Id*. ¶9.

Because counsel for the Union Defendants never received any response to the Union Defendants' discovery requests, and was unsuccessful in numerous attempts to contact Plaintiff, on November 2, 2005, the Union Defendants moved to dismiss the above-captioned actions for failure to prosecute, or in the alternative to compel Plaintiff's discovery responses. Counsel for the Postal Service, having also had no contact with Plaintiff, filed a similar motion on November 8, 2005. Thereafter, on November 17, 2005, Plaintiff filed his Answer to Defendants' Motion to Dismiss (Plaintiff's "Opposition") in response to the Union Defendants' motion.

Plaintiff indicated in his Opposition that he sent his discovery responses via certified mail to counsel for the Union Defendant's office on July 26, 2005. *See* Opposition, p.1. Plaintiff attached a copy of the certified mail receipt he sent to counsel for the Union Defendants, which indicates that Plaintiff's July 26, 2005 correspondence was received by this office on July 28, 2005 and signed for by Cheryl Lassman, a 16 year-old intern employed by this office as a receptionist during the summer of 2005. *Id*. at 2.[1] The receipt indicates that Plaintiff paid $.37 postage on the correspondence, indicating that the correspondence was not lengthy.

However, due to an apparent clerical error, counsel for the Union Defendants never received Plaintiff's correspondence. *See* Vigliotti Decl. ¶14. Upon receipt of Plaintiff's Opposition, counsel for the Union Defendants left two voicemail messages for Plaintiff and attempted unsuccessfully to contact Plaintiff by email via an email address provided by Plaintiff at the June 23, 2005 initial conference in order to request that Plaintiff provide a copy of the July 26, 2005 correspondence referred to in Plaintiff's Opposition. *Id*. ¶16.

On the afternoon of November 18, 2005, Plaintiff returned counsel for the Union Defendants' phone calls and indicated that he would not send a copy of his July 26, 2005 correspondence that day (which would have made it possible for counsel for the Union Defendants to review the correspondence prior to responding to Plaintiff's untimely Opposition to the Union Defendants' motion), but that he "would try" to send the correspondence on Monday November 21, 2005. *Id*. ¶17.

During the conversation, Plaintiff also indicated that he called counsel for the Union Defendants' office in response to the numerous voicemail messages left for him regarding his failure to respond to the Union Defendants' discovery requests. *Id*. ¶18. However, he further

---

[1] To the extent the Union Defendants' Motion alleged that Plaintiff failed in any way to contact the Union Defendants, the Union Defendants withdraw this allegation.

3

stated that counsel for the Union Defendant's outgoing message was "crackly" and he was unsure whether she would receive the message. *Id*. Moreover, he also stated that he responded in writing to counsel for the Union Defendants' letter dated September 2, 2005, which memorialized the voicemails left for Plaintiff requesting that he respond to the discovery requests. *Id*.

Despite Plaintiff's insistence, counsel for the Union Defendants did not receive a voicemail from Plaintiff, nor did she receive anything in writing from Plaintiff indicating that he had responded to the discovery requests. *Id*. ¶19. In fact, prior to the November 18, 2005 telephone conversation, counsel for the Union Defendants had not received any communication from Plaintiff following the June 23, 2005 initial status conference.

To date, the Union Defendants have not received Plaintiff's July 26, 2005 correspondence. *Id*. ¶20. Accordingly, the Union Defendants have no knowledge of what was or was not included in Plaintiff's July 26, 2005 correspondence. *Id*. In addition, the Union Defendants have not received Plaintiff's initial disclosures as required by Federal Rule of Civil Procedure 26(a). *Id*. ¶21.

## ARGUMENT

**I.   Plaintiff's Opposition Does Not Demonstrate That He Timely Responded to The Union Defendants' Discovery Requests**

We acknowledge at the outset that Plaintiff did apparently send something to this office which may have been misfiled. Nonetheless, the record as a whole still provides overwhelming support for dismissing the complaint for failure to prosecute. Plaintiff's Opposition simply states that on July 26, 2005 he mailed "a response to the defendants interrogatories" and document requests. Plaintiff included in his Opposition a copy of the

4

certified mail receipt sent with his July 26, 2005 correspondence, but he did not include a copy of the July 26, 2005 correspondence.

Plaintiff's response is too little, too late. Upon expiration of the time for Plaintiff to respond to the discovery requests, counsel for the Union Defendants attempted to contact Plaintiff numerous times by telephone and by mail. As detailed above, counsel for the Union Defendants left several voicemail messages for Plaintiff on August 26, 2005 and September 2, 2005 and memorialized these messages in a letter to Plaintiff dated September 2, 2005. Plaintiff failed to respond to any of these communications, and never indicated that he sent responses to the discovery requests. Plaintiff's Opposition is the first communication the Union Defendants have received from Plaintiff since the June 23, 2005 initial conference, as Plaintiff did not serve initial disclosures as required by Federal Rule of Civil Procedure 26. *See* Vigliotti Decl. ¶21.

To date, despite numerous requests, the Union Defendants have not received a copy of the July 26, 2005 correspondence, Vigliotti Decl. ¶20, and, accordingly, it is impossible to know whether the correspondence was responsive to the requests.

Because Plaintiff's untimely Opposition is the only communication the Union Defendants have had with Plaintiff since the June 23, 2005 initial status conference and because Plaintiff's Opposition does not demonstrate that his July 26, 2005 correspondence was responsive to the discovery requests, the Union Defendant's motion to dismiss should be granted.

## II.   In The Alternative, the Union Defendants Request an Extension of Discovery and the Summary Judgment Deadline

Although, as demonstrated above, Plaintiff's untimely Opposition should be given no weight by this Court and the Union Defendants' motion should be granted, the Union Defendants argue that in the alternative, due to the apparent clerical error in this matter detailed

above, this Court should extend the discovery deadline in the above-referenced actions 60 days following the issuance of a decision on the Union Defendants' motion and should extend the summary judgment deadline 30 days beyond the end of the discovery period.  This extension would give the Defendants time to receive and review Plaintiff's July 26, 2005 correspondence and, if necessary, depose Plaintiff after reviewing the documents.  A separate Joint Motion of the Union Defendants and the Unites States Postal Service requesting such an extension is filed herewith.

## CONCLUSION

Based on the foregoing, the Union Defendants' Motion to Dismiss should be granted, or in the alternative the Court should extend the discovery schedule and summary judgment deadline in these actions.

Dated: November 22, 2005

        /s/ Susan E. Kaufman
        Susan E. Kaufman (DSB #3381)
        800 King Street
        Suite 303
        P.O. Box 1674
        Wilmington, DE 19801
        (302) 658-1800
        (302) 658-1473 (fax)

        Peter DeChiara
        Oriana Vigliotti
        COHEN, WEISS AND SIMON LLP
        330 West 42nd Street
        New York, New York 10036-6976
        (212) 563-4100

        *Attorneys for Defendants National*
        *Association of Letter Carriers Branch 1977*
        *and Branch 191*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                             :
BRIAN K. REINBOLD,                                           :
                                                             :
                              Plaintiff,                     :   Case No. 04-342 (GMS)
                                                             :
       - vs. -                                               :
                                                             :
NATIONAL ASSOCIATION OF LETTER                               :
CARRIERS BRANCH 1977,                                        :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ x

------------------------------------------------------------ x
                                                             :
BRIAN K. REINBOLD,                                           :
                                                             :
                              Plaintiff,                     :   Case No. 05-047 (GMS)
                                                             :
       - vs. -                                               :
                                                             :
UNITED STATES POSTAL SERVICE and                             :
NATIONAL ASSOCIATION OF LETTER                               :
CARRIERS BRANCH 191,                                         :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ x

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2005, the foregoing Reply of Defendants National Association of Letter Carriers Branch 1977 and Branch 191 to Motion to Dismiss for Failure to Prosecute or in the Alternative to Compel Discovery and this Certificate of Service were filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Patricia Hannigan, Assistant United States Attorney, 700 Orange

Street, Suite 700, Wilmington, Delaware 19899, Counsel for Defendant United States Postal Service.

I hereby certify that on November 22, 2005, the foregoing was mailed by first-class mail to the following non-participant in Electronic Case Filing:

Plaintiff
Brian Reinbold
3909 Delaware Street
Apartment #B
Wilmington, DE 19808-5709

        HEIMAN, GOUGE & KAUFMAN, LLP

        */s/ Susan E. Kaufman*
        Susan E. Kaufman (DSB # 3381)
        800 King Street
        Suite 303
        P.O. Box 1674
        Wilmington, DE 19801
        (302) 658-1800
        (302) 658-1473 (fax)
        skaufman@hgkde.com

Date: November 22, 2005