```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
------------------------------------------------------------x
                                                            :
BRIAN K. REINBOLD,                                          :
                                                            :
                              Plaintiff,                    :   Case No. 04-342 (GMS)
                                                            :
        - vs. -                                             :
                                                            :
NATIONAL ASSOCIATION OF LETTER                              :
CARRIERS BRANCH 1977,                                       :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x

------------------------------------------------------------x
                                                            :
BRIAN K. REINBOLD,                                          :
                                                            :
                              Plaintiff,                    :
                                                            :   Case No. 05-047 (GMS)
        - against -                                         :
                                                            :
UNITED STATES POSTAL SERVICE and                            :
NATIONAL ASSOCIATION OF LETTER                              :
CARRIERS BRANCH 191,                                        :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------x
```

**DECLARATION OF ORIANA VIGLIOTTI IN SUPPORT OF REPLY MEMORANDUM OF LAW OF DEFENDANTS NATIONAL ASSOCIATION OF LETTER CARRIERS BRANCH 1977 AND BRANCH 191**

Oriana Vigliotti, under penalty of perjury and in lieu of affidavit as permitted under 28 U.S.C. §1743, hereby declares as follows:

1. I am an attorney associated with Cohen, Weiss and Simon LLP, counsel to Defendants National Association of Letter Carriers Branch 1977 and Branch 191 in the above-captioned actions.

00082861.DOC.1

2. I have been responsible for handling these actions since their inception on April 22, 2004.

3. On June 23, 2005, a scheduling conference was held in both actions wherein the Court set a discovery schedule and explained in detail to Plaintiff, who is proceeding *pro se*, certain matters including discovery.

4. Following the initial conference, the Court entered a scheduling plan for both actions setting October 31, 2005 as the close of all discovery and November 30, 2005 as the deadline for Defendants' summary judgment motions.

5. On June 29, 2005, the Union Defendants served document requests and interrogatories upon Plaintiff by mail.

6. Plaintiff's responses to these document request and interrogatories were due 30 days after service of the discovery requests. *See* Fed. R. Civ. P. 33(b)(3), 34(b). Accordingly, the responses were due no later than July 29, 2005.

7. The Union Defendants never received a response from Plaintiff and on both August 26, 2005 and September 2, 2005, I telephoned Plaintiff to discuss his failure to respond, but did not reach Plaintiff.

8. On September 2, 2005, I left two messages on Plaintiff's voicemail indicating that if his responses were not received by September 7, 2005, the Union Defendants would move to compel his responses. I also wrote to Plaintiff, memorializing the September 2, 2005 telephone messages.

9. I did not receive a response from Plaintiff to any of my voicemails or to my letter dated September 2, 2005.

10. Because I never received a response to the discovery requests or to my telephone calls and letter, on November 2, 2005 the Union Defendants moved to dismiss the above-captioned action for lack of prosecution or in the alternative to compel Plaintiff's discovery responses.

11. In response to this motion, on November 17, 2005, Plaintiff filed an Answer to Defendants' Motion to Dismiss (the "Opposition") in which he indicated that he sent his discovery responses via certified mail to my attention on July 26, 2005. Plaintiff attached to his Opposition a copy of the certified mail receipt sent with his July 26, 2005 correspondence.

12. The certified mail receipt indicates that Plaintiff's July 26, 2005 correspondence was received by this office on July 28, 2005 and was signed for by Cheryl Lassman, a 16 year-old intern employed by this office as a receptionist during the summer of 2005.

13. The certified mail receipt also indicates that Plaintiff paid $.37 postage on the July 26, 2005 correspondence, indicating that the correspondence sent was not lengthy.

14. Due to an apparent clerical error, I never received Plaintiff's correspondence, and I proceeded on the assumption that Plaintiff had not responded to the discovery requests. In this connection, I attempted to contact Plaintiff, inquiring as to the status of his responses, on several occasions, as indicated above in ¶8. All of these attempts occurred after the date of the certified mail receipt indicating that the responses were received by my office.

15. I never received a phone call or any written communication from Plaintiff in response to my attempts to contact him. Plaintiff never explained to me that he had responded to the discovery requests.

3

16. Upon receipt of Plaintiff's Opposition, I left two voicemail messages for Plaintiff on November 18, 2005 and attempted unsuccessfully to contact Plaintiff by email via an email address provided by Plaintiff at the June 23, 2005 initial conference in order to request that Plaintiff provide the correspondence he attempted to provide on July 26, 2005.

17. On the afternoon of November 18, 2005, Plaintiff returned my phone calls and indicated to me that he would not send his responses to me that day (which would have allowed me to receive and review the correspondence prior to responding to his Opposition to the Union Defendants' motion), but that he "would try" to send them on Monday November 21, 2005.

18. During our conversation, when asked why he never contacted me in response to my voicemails and the September 2, 2005 letter, Plaintiff indicated that he called my office in response to the numerous voicemail message I left for him regarding his failure to respond to the Union Defendants' discovery requests and left me a voicemail, but that my outgoing message was "crackly" and he was unsure whether I would receive the message. He also indicated that he responded in writing to my letter dated September 2, 2005.

19. I did not receive a voicemail from Plaintiff, nor did I receive anything in writing from Plaintiff indicating that he had responded to the Union Defendants' discovery requests.

20. To date, I have not received a copy of the correspondence Plaintiff referred to in his Opposition. Accordingly, I have no knowledge of what was or was not included in Plaintiff's July 26, 2005 correspondence.

21. In addition, to date, I have not received Plaintiff's initial disclosures as required by Rule 26(a).

    I make this declaration under penalty of perjury on this 22 day of November, 2005 at New York, New York.

                      _____
                      Oriana Vigliotti