IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN K. REINBOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-342 (GMS) |
| | ) | Civil Action No. 05-47  (GMS) |
| NALC LOCAL 1977, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

WHEREAS, on April 28, 2004 Brian K. Reinbold ("Reinbold") filed a lawsuit against the National Association of Letter Carriers ("NALC") Branch 1977 and NALC Branch 191 (the "NALC defendants") in the Court of Common Pleas for the State of Delaware, New Castle County;

WHEREAS, the complaint alleges that, between May 2001 and April 2004, the NALC defendants did not act in good faith in representing Reinbold under his collective bargaining agreement (the "CBA") (D.I. 1)[1];

WHEREAS, the NALC defendants subsequently removed the lawsuit to this court on May 27, 2004;

WHEREAS, on January 28, 2005, Reinbold filed a similar action against the United States Postal Service (the "USPS") and the NALC Branch 191, alleging that, between January 1, 2003 and December 31, 2004, the defendants engaged in unfair labor practices against him and failed to represent him per the CBA (05-47 D.I. 1);

---

[1] For convenience, the court will refer to docket item numbers from the 04-342 (GMS) case, unless otherwise noted.

WHEREAS, on November 30, 2005, the USPS filed a motion for summary judgment (D.I. 25);

WHEREAS, on April 10, 2006, the court issued an Order (D.I. 29) finding that Reinbold had failed to demonstrate that the NALC defendants breached their duty of fair representation and granting the USPS' motion;

WHEREAS, on April 10, 2006, the court also issued an Order (D.I. 28) granting the NALC defendants' request to extend their time to file a motion for summary judgment;

WHEREAS, on April 21, 2006, the NALC defendants filed a motion for summary judgment (D.I. 30);

WHEREAS, the motion asserts that summary judgment is appropriate because the law of the case doctrine bars relitigation of the court's holding that the NALC defendants did not breach their duty of fair representation;

WHEREAS, Reinbold has not filed a response to the NALC defendants' motion[2];

WHEREAS, after having considered the NALC defendants' motion, as well as the pertinent case law, the court concludes that the law of the case doctrine bars Reinbold from relitigating the court's finding that the NALC defendants did not breach their duty of fair representation[3]; and

---

[2] Pursuant to District of Delaware Local Rule 7.1.2(a) (1995), an answer brief to the NALC defendants' motion was due on May 5, 2006. The court notes that while Reinbold did not file any response to the NALC defendants' motion, he did file a motion for reconsideration of the court's April 10, 2006 Order (05-47 D.I. 39) and a motion to appoint counsel (D.I. 32).

[3] The doctrine of the law of the case limits relitigation of an issue once it has been decided in an earlier stage of the litigation. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232-33 (3d Cir. 2002) ("The [Supreme] Court has defined the law of the case as a precept that 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'")

WHEREAS, the court further concludes that because the NALC defendants did not breach their duty, there is no genuine issue of material fact as to Reinbold's claims, and the NALC defendants are entitled to judgment as a matter of law;

IT IS HEREBY ORDERED that:

1. The NALC defendants' Motion for Summary Judgment (D.I. 30) is GRANTED.

2. Judgment is hereby entered in favor of the NALC defendants.

Dated: May 12, 2006

_____
UNITED STATES DISTRICT JUDGE